UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JESSICA CYNTHIA ADAMS,**

      **Plaintiff,**

v.    Case No: 6:22-cv-1143-RBD-DCI

**THE WHITE HOUSE, STEVE BANNON, ANDREW BADOLATO, BRIAN KOLFAGE and TIMOTHY SHEA,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration of Plaintiff's *pro se* Complaint. Plaintiff filed the Complaint on June 30, 2022 and has failed to either pay the filing fee or move to proceed *in forma pauperis*. Regardless, the entirety of the allegations in the Complaint read as follows: "The Defendants fraud, rob and stole a large sum of money from me and I would like my money returned to me." Doc. 1 at 4.

The Court is obligated to *sua sponte* review any complaint for relief for subject matter jurisdiction and to dismiss the case if subject matter jurisdiction is lacking. Further, the Court may dismiss an action if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Although the Court must liberally construe Plaintiff's complaint, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), it is under no duty to "rewrite" the complaint. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although *pro se* litigants are entitled to a liberal construction of their pleadings, they are still required to conform to the procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (discussing Federal Rule of Civil Procedure 4(c)) (citation omitted).

Plaintiff has failed to establish this Court's subject matter jurisdiction, has failed to conform to the procedural rules of this Court, and has failed to pay the filing fee or move to proceed in forma pauperis. Further, the entirety of Plaintiff's Complaint is a single sentence making a conclusory accusation against "The White House" and persons who Plaintiff asserts did "and might still" work there. Doc. 1 at 2. Regardless of any other defects in the pleading and Plaintiff's prosecution of her case before this Court, there appears to be absolutely no basis for this Court's subject matter jurisdiction.[1]

In most cases, the Court will provide a *pro se* litigant such as Plaintiff at least one opportunity to amend her complaint prior to a dismissal and a closure of the case. However, because it appears that the claim is incapable of supporting this Court's subject matter jurisdiction, it is respectfully recommended that the Court dismiss the Complaint and direct the Clerk of Court to close this case.

---

[1] The Complaint does not contain a claim for relief that complies with the Rule 8 standard, but because the undersigned is recommending dismissal for a lack of subject matter jurisdiction, no further comment is made concerning the nature or the merits of the allegations in the Complaint.

Accordingly, it is **RECOMMENDED** that:

1. The Complaint be **DISMISSED**; and

2. The Clerk of Court be directed to **CLOSE** the case.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on July 12, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy